HEGEL ET AL. *v.* LANGSAM ET AL.

[Cite as Hegel v. Langsam (1971), 29 Ohio Misc. 147.]

(No. A-345986—Decided March 23, 1971.)

Common Pleas Court of Hamilton County.

*Mr. Robert L. Stone* and *Mr. William Flax*, for plaintiffs.

*Messrs. Taft, Stettinius & Hollister, Mr. Robert Stachler* and *Mr. Thomas Allman* of counsel, for Walter C. Langsam, Marjorie Stewart, Suzanna C. Moore and Cheryll Dunn, defendants.

*Mr. Peter R. Thomas* and *Mr. Richard A. Casstellini*, for The University of Cincinnati, defendant.

BETTMAN, J. This matter is before the court on defendant's motion for judgment on the pleadings. The gravamen of plaintiff's petition is that the defendants permitted the minor plaintiff, a seventeen-year-old-female student from Chicago, Illinois, enrolled at the University, to become associated with criminals, to be seduced, to become a drug user and further allowed her to be absent from her dormitory and failed to return her to her parents' custody on demand.

In our opinion, plaintiffs completely misconstrue the

duties and functions of a university. A university is an institution for the advancement of knowledge and learning. It is neither a nursery school, a boarding school nor a prison. No one is required to attend. Persons who meet the required qualifications and who abide by the university's rules and regulations are permitted to attend and must be presumed to have sufficient maturity to conduct their own personal affairs.

We know of no requirement of the law and none has been cited to us placing on a university or its employees any duty to regulate the private lives of their students, to control their comings and goings and to supervise their associations.

We do not believe that R. C. 3345.21, requiring a university to maintain "law and order" on campus, nor R. C. 2151.41, making it a crime to contribute to the delinquency of a child, have any bearing on the fact situation before us.

For these reasons we hold that plaintiffs have failed to state a cause of action and defendants' motion for judgment on the pleadings should be granted.

Having so determined, it is not necessary to consider the defense that the university and its employees are immune from suit.