OPINION
{¶ 1} Defendant-appellant, University of Cincinnati, appeals from a judgment of the Ohio Court of Claims in favor of plaintiff-appellee, Jamila Shivers. Because insufficient evidence supports the trial court's determination that defendant owed plaintiff a duty to protect her from a rape that a third-party intruder committed, we reverse.
 {¶ 2} In February 1998, plaintiff was a student at the University of Cincinnati and a resident of Daniels Hall, a co-ed dormitory defendant operated. Each co-ed floor had one communal bathroom for male students and a separate communal bathroom for female students. Plaintiff testified that on the evening of February 26, 1998, she was preparing to take a shower in the women's bathroom on the 12th floor of Daniels Hall when an unknown male entered the shower area and raped her. Plaintiff's assailant was never apprehended, but the evidence suggested a male considerably older than the vast majority of students at the university.
 {¶ 3} Plaintiff filed a complaint alleging defendant was negligent in failing to provide adequate security for Daniels Hall, and in particular by failing to provide locks on either the bathroom or shower area doors. The court bifurcated the trial to determine the issue of liability. After a two-day trial, the court rendered judgment in favor of defendant. Plaintiff appealed, and on December 5, 2002, this court reversed, finding defendant's expert testimony inadmissible. The case was retried on April 27, 2004, and on January 6, 2005, the court held defendant liable to plaintiff for defendant's negligence.
 {¶ 4} Defendant appeals, assigning two errors:
First Assignment of Error:
The trial court applied the wrong legal standard when it found the University liable based on the possibility — rather than the probability — that the University's actions caused the attack on Ms. Shivers.
Second Assignment of Error:
The trial court incorrectly applied the legal standard when it found that the University breached the duty of care it owed to its residence hall students.
We begin our analysis with defendant's second assignment of error because it is dispositive.
I. Second Assignment of Error
 {¶ 5} Defendant's second assignment of error contends that defendant did not owe plaintiff a duty to protect her from the rape by a third person intruder because the rape was not foreseeable. Duty is generally a question of law reviewed de novo. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. In essence, defendant's foreseeability argument challenges the scope of its duty, contending that as a matter of law the evidence is insufficient to support the trial court's finding.
 {¶ 6} "[T]o recover on a negligence claim, a plaintiff must prove (1) that the defendant owed plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 565, citing Wellman v.E. Ohio Gas Co. (1953), 160 Ohio St. 103, 108-109. Duty refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff. Commerce Indus. Ins.Co. v. Toledo (1989), 45 Ohio St.3d 96, 98. Although a university has a duty to warn or protect its students from the criminal conduct of third persons, a university is not an insurer of its students' safety. See Kleisch v. Cleveland State Univ., Franklin App. No. 05AP-289, 2006-Ohio-1300 (specifically applying a business owner's duty to its invitees to a university and its students). Such a duty arises when the criminal act was foreseeable. See id. If a third party's criminal act is not foreseeable, then a university cannot be held liable in negligence.
 {¶ 7} The foreseeability of criminal acts, examined under the test of whether a reasonably prudent person would have anticipated an injury was likely to occur, will depend upon the totality of the circumstances. See Kleisch, at ¶ 23-26; Reitzv. May Co. Dept. Stores (1990), 66 Ohio App.3d 188, 192. The totality of the circumstances test considers prior similar incidents, the propensity for criminal activity to occur on or near the location of the business, and the character of the business. Kleisch, at ¶ 23. Because criminal acts are largely unpredictable, the totality of the circumstances must be "somewhat overwhelming" in order to create a duty. Reitz, at 194.
 {¶ 8} Here, the trial court concluded the totality of the evidence sufficiently proved plaintiff's rape was foreseeable and defendant therefore had a duty of reasonable care to protect plaintiff from such harm. To support its conclusion, the trial court cited (1) defendant's efforts to warn students of the risks associated with living in an open, urban campus; (2) defendant's knowledge that numerous criminal activities occurred on campus, in classrooms, and in dormitories; (3) the risk of harm to female students in the setting of a co-ed dormitory, as it allowed male visitors access to all floors and common areas; (4) prior assaults and criminal activity; and (5) unauthorized persons' ability to gain access to Daniels Hall. Under similar factual circumstances, however, Ohio courts have found the totality of the evidence insufficient as a matter of law to prove a defendant had the requisite foreseeability needed to create a duty of reasonable care to protect an invitee from the criminal acts of a third party.
 {¶ 9} Three main factors contribute to a court's finding the evidence insufficient to demonstrate the foreseeability of a crime as a matter of law: (1) spatial separation between previous crimes and the crime at issue; (2) difference in degree and form between previous crimes and the crime at issue; and (3) lack of evidence revealing defendant's actual knowledge of violence. We examine each of the trial court's enumerated facts and circumstances in light of these factors.
 {¶ 10} Initially, the trial court found defendant's efforts to warn students of the risks associated with living in an open, urban campus demonstrated the rape was foreseeable. Defendant's warnings, however, show nothing more than its general knowledge of the potential for crimes. See Barnes v. North Shore (Dec. 3, 1998), Cuyahoga App. No. 73142 (stating that only when the totality of the circumstances is somewhat overwhelming such that the owner has something greater than the general knowledge of potential crimes, will an owner be held liable for the criminal actions of a third party against a business invitee). Defendant's warnings were not so specific as to suggest or acknowledge the likelihood that a violent crime would occur in Daniels Hall. Cf.Allison v. McDonald's Restaurants (Nov. 4, 1993), Cuyahoga App. No. 63170 (finding rape behind restaurant foreseeable in part because business owner prohibited employees from going alone behind restaurant at night for concerns of their safety). Instead, the information generally warned students and instructed them how to keep themselves and their property safe on campus. Further, if defendant failed to warn its students of the dangers of living in an open, urban environment, defendant potentially would expose itself to other lawsuits for breaching its duty to warn the students of the general potential danger of which it had knowledge. Accordingly, defendant's efforts to warn its students of the risks associated with living in an open, urban campus are insufficient to demonstrate that defendant anticipated plaintiff would be raped by a third-party intruder in Daniels Hall.
 {¶ 11} The evidence submitted to prove defendant's knowledge that numerous criminal activities occurred on campus, in classrooms, and specifically in Daniels Hall is similarly insufficient to demonstrate the foreseeability of the rape. Plaintiff submitted a crime statistic sheet listing the number and type of crimes reported to the University of Cincinnati Police Division from 1993 to 1998, and a run report listing the reported crimes from Daniels Hall from May 6, 1996 to May 6, 1998. Because the sheets do not distinguish between crime reports and actual prosecutions and do not contain information as to the nature of the crimes, the crime statistic sheet and run report are insufficient as a matter of law to prove the rape was foreseeable. Krause v. Spartan Stores, Inc., Lucas App. No. L-03-1244, 2004-Ohio-4365, at ¶ 21, citing Rapino v. Bauman AutoStores (Aug. 27, 1999), Lucas App. No. L-99-1107, Appendix.
 {¶ 12} Moreover, reported crimes alleged to have occurred in locations considerably distant from Daniels Hall are insufficient as a matter of law to prove defendant should have anticipated a violent crime in Daniels Hall. Compare Valles v. Hannan-110Limited (June 27, 1991), Cuyahoga App. No. 60931 (holding that 36 crimes, including two assault/aggravating menacing and six robberies committed on a defendant's contiguous parking lot surrounding its mall were insufficient as a matter of law to prove defendant anticipated an assault would occur on a particular area of the parking lot that experienced no prior crime) with Simpson v. Big Bear Stores Co. (Dec. 30, 1993), Franklin App. 93AP-852 (agreeing that purse snatching at issue would not be reasonably foreseeable as a matter of law if prior purse snatchings had occurred at random locations within shopping mall, but because the majority of prior purse snatchings occurred in the same location as the purse snatching at issue, summary judgment was not appropriate).
 {¶ 13} Plaintiff also attempted to prove the foreseeability of the rape by eliciting testimony that a university student was raped in the music hall in 1996. Although the prior crime and the one at issue are identical in degree and form, the temporal and spatial separation between the music hall and Daniels Hall renders such evidence insufficient as a matter of law to demonstrate the foreseeability of the rape in this case. See Kleisch, at ¶ 25 (finding previous rape in a restroom of a separate building insufficient as a matter of law to prove foreseeability of a rape in a classroom 16 months later).
 {¶ 14} The remaining evidence of criminal activity involves (1) individual police reports describing 17 burglaries, or unlawful entry without force, and six thefts that occurred in Daniels Hall in the ten months preceding plaintiff's rape, and (2) a university official's testimony that four abstract and undefined assaults were reported in Daniels Hall during the same time period. Because the burglary and theft offenses were all non-violent crimes committed against property, and the infrequent assaults are dissimilar to plaintiff's rape, they are insufficient as a matter of law to prove defendant knew or should have known that the rape was likely to occur in Daniels Hall. See Reitz, at 194 (finding 37 car thefts, episodes of disturbances, fights, vandalism, drug transactions and juvenile disturbances in three years insufficient as a matter of law to establish foreseeability of stabbing); Kitrells v. St. Luke'sMetrohealth Med. Ctr. (May 8, 1997), Cuyahoga App. No. 70796 (focusing on one violent criminal activity as opposed to several non-violent criminal activities before deciding the circumstances were insufficient as a matter of law to prove foreseeability of violent crime); Vrndavan v. Malcom (Mar. 17, 1994), Cuyahoga App. No. 64839 (finding previous crimes of assault, theft, vandalism, and burglary did not approach the magnitude of a gunman firing indiscriminately at mid-day, and thus the shooting was not foreseeable as a matter of law); Hickman v. WarehouseBeer Systems, Inc. (1993), 86 Ohio App.3d 271 (concluding two burglaries, vandalism, and infrequent petty thefts insufficient as a matter of law to prove foreseeability of murder during armed robbery when no evidence of prior personal violence on the premises was presented). Accordingly, plaintiff's evidence of prior crimes was insufficient to establish the requisite foreseeability needed to impose a duty of reasonable care to protect plaintiff from rape by a third-party intruder.
 {¶ 15} Finally, the court found plaintiff's rape foreseeable because defendant knew unauthorized persons could gain access to Daniels Hall and because the co-ed dormitory gave males open access to female floors. While these circumstances may raise the possibility that rape will occur in Daniels Hall, the evidence does not suggest those circumstances gave rise to prior rapes or other violent crimes by men who gained unauthorized access to the locked dorm, and they are insufficient to prove it reasonably foreseeable that men not authorized to be in Daniels Hall would commit violent crimes against women in that hall. Accordingly, these circumstances are insufficient to prove the foreseeability of the rape.
 {¶ 16} Because the evidence supporting the court's judgment is insufficient as a matter of law to prove defendant had the requisite foreseeability needed to impose a duty of reasonable care to protect plaintiff from rape by a third-party intruder, defendant's second assignment of error is sustained.
 {¶ 17} Having sustained defendant's second assignment of error, rendering moot defendant's first assignment of error, we reverse the judgment of the trial court and remand with instructions to enter judgment for defendant.
Judgment reversed and case remanded with instructions.
Petree and Brown, JJ., concur.