[Cite as *Wheeler v. Ohio State Univ.*, 2011-Ohio-1423.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MIRIAM WHEELER

    Plaintiff

    v.

OHIO STATE UNIVERSITY

    Defendant
    Case No. 2009-08748

Judge Clark B. Weaver Sr.

DECISION

{¶ 1}   On December 28, 2010, defendant, The Ohio State University (OSU), filed a motion for summary judgment pursuant to Civ.R. 56(C).[1]   On January 25, 2011, plaintiff filed a response.   The case is now before the court for a non-oral hearing on defendant's motion.   Civ.R. 56(C) states, in part, as follows:

{¶ 2}   "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   No evidence or stipulation may be considered except as stated in this rule.   A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 3} On November 6, 2008, plaintiff was a student at OSU's Mansfield campus when she was allegedly assaulted by Jesse Wolfe, another student who was sitting behind plaintiff during a lecture. Plaintiff alleges that Wolfe suddenly and violently kicked her chair with sufficient force to cause plaintiff to fall to the floor and sustain serious injuries. Plaintiff relates that when she turned and warned Wolfe that he should "not try that again," Wolfe gestured to indicate that another student had kicked the chair. According to plaintiff, the professor who was teaching the class observed plaintiff fall but did not comment on the incident. Plaintiff did not discuss the incident with her professor; however, the next day she returned to campus and informed Donna Hight, the Chief Student Life Officer at OSU's Mansfield campus, that Wolfe had assaulted her. Plaintiff also alleges that Wolfe subsequently attempted to intimidate her by staring at her.

{¶ 4} In her four-sentence complaint, plaintiff alleges that defendant breached a duty owed to her both by failing to prevent the assault and by tolerating "intimidation" against her after the incident.

{¶ 5} In her response to defendant's motion, plaintiff argues that defendant committed a breach of a contractual duty to protect her from harmful conduct of other students. However, plaintiff did not attach a copy of any document to her complaint, nor did she present any other evidence of a contractual duty that was owed to her.

{¶ 6} Civ.R. 10(D)(1) requires that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Furthermore, plaintiff has failed to introduce "other" documentary evidence for consideration by way of a properly framed affidavit pursuant to Civ.R. 56(E).

---

[1]Defendant's December 17, 2010 motion for an extension of time to file a dispositive motion is hereby GRANTED instanter.

{¶ 7} Civ.R. 56(E) provides in relevant part: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 8} Inasmuch as plaintiff has failed to respond to defendant's motion with any evidence to support her argument regarding a contractual duty that was owed to her, she cannot prevail on her breach of contract claim.

{¶ 9} Plaintiff also alleges that defendant owed a duty to protect her from Wolfe's tortious conduct. However, "'[o]rdinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection. Thus, liability in negligence will not lie in the absence of a special duty owed by a particular defendant.'" *Evans v. Ohio State* Univ. (1996), 112 Ohio App.3d 724, 740, quoting *Fed. Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St.3d 171, 173-174.

{¶ 10} In that plaintiff was a student at OSU, her legal status was that of a business invitee. *Kleisch v. Cleveland State Univ.*, Franklin App. No.05AP-289, 2006-Ohio-1300; *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46. "Generally, a business owner owes no duty to an injured invitee for the criminal conduct of a third person because such conduct is usually beyond reasonable expectation and a business owner is not an absolute insurer of his invitees' safety. However, when a business owner knows or should know that there is a substantial risk of harm to his invitees from the criminal acts of third persons, the business owner owes a duty to warn or protect his invitees. In other words, the existence of a duty to warn or protect turns upon the foreseeability of harm to an invitee from a criminal act. The foreseeability of criminal acts depends upon the knowledge of the business owner." (Citations omitted.) *Sullivan v. Heritage Lounge*, Franklin App. No. 04AP-1261, 2005-Ohio-4675, ¶24. Furthermore, "[b]ecause criminal acts are largely unpredictable, the totality of the circumstances must

be 'somewhat overwhelming' in order to create a duty." *Shivers v. Univ. of Cincinnati*, Franklin App. No. 06AP-209, 2006-Ohio-5518, ¶7, citing *Reitz v. May Co. Dept. Stores* (1990), 66 Ohio App.3d 188, 194.

{¶ 11} In support of its motion, defendant submitted the deposition testimony of plaintiff wherein she conceded that she had no interaction with Wolfe prior to the incident. (Transcript, Pages 36-37.) Indeed, plaintiff admitted that she had never had "a problem with a single student or instructor" before the assault. (Transcript, Page 128.) Under these circumstances, the incident was not foreseeable inasmuch as there is no evidence which would support an inference that defendant had any knowledge that Wolfe had threatened to harm plaintiff before the incident.

{¶ 12} Accordingly, plaintiff has failed to show that defendant owed her any duty under the law, that defendant failed to act in accordance with any duty, or that defendant's conduct proximately caused any injury to plaintiff.

{¶ 13} Plaintiff also has failed to prove intentional infliction of emotional distress. Specifically, plaintiff did not prove that defendant's conduct was extreme or outrageous or that defendant intentionally or recklessly caused her severe emotional distress. See *Yeager v. Local Union 20, Teamsters* (1983), 6 Ohio St.3d 369.

{¶ 14} Furthermore, a plaintiff claiming tortious infliction of emotional distress must present some "guarantee of genuineness" in support of her claim, such as an expert opinion, or the testimony of lay witnesses who are acquainted with plaintiff to prevent summary judgment in favor of the defendant. *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 6, 2002-Ohio-443. Plaintiff failed to present any evidence, other than her own self-serving testimony, to establish that she suffered the "severe and debilitating emotional distress" required of such claims. Id.

{¶ 15} For the foregoing reasons, the court finds that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MIRIAM WHEELER

    Plaintiff

    v.

OHIO STATE UNIVERSITY

    Defendant
    Case No. 2009-08748

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Peter E. DeMarco  
Assistant Attorney General  
150 East Gay Street, 18th Floor  
Columbus, Ohio 43215-3130

Thomas L. Mason  
153 West Main Street  
P.O. Box 345  
Ashland, Ohio 44805-0345

AMR/cmd  
Filed March 4, 2011  
To S.C. reporter March 22, 2011