| | |
|---|---|
| AMY MIRLISENA | Case No. 2015-00190 |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>DECISION</u> |
| MIAMI UNIVERSITY | |
| Defendant | |

{¶1} Now before the court is defendant's motion for summary judgment, filed pursuant to Civ.R. 56. Defendant asserts that plaintiff's complaint should be dismissed because it is barred by the applicable statute of limitations and because plaintiff cannot establish the requisite duty of care to support a negligence claim against defendant, Miami University.

{¶2} Plaintiff's negligence claim arises from a sexual assault that occurred on October 30, 2011. At the time, plaintiff was a student enrolled at Miami University. The incident occurred in the private, off-campus apartment of Antonio Charles, a fellow student enrolled at the University at the time of the incident. Plaintiff asserts that Miami University was negligent in failing to investigate prior reports and allegations of sexual misconduct by Mr. Charles; failing to act in accordance with and enforce its own policies, including its Code of Conduct, regarding sexual misconduct, assault, and abuse; failing to warn potential victims of the dangers presented to members of the student body due by the ongoing presence of Mr. Charles on campus; and through its inaction, failing to provide a safe environment for its students. Essentially, plaintiff claims that the proximate cause of her injuries is Miami University's failure to adequately discipline Mr. Charles, up to and including expulsion, and/or its failure to warn potential victims such as herself of the potential risk of danger that his presence posed.

{¶3} There are two pending motions that the court will now address: defendant's motion to strike filed on November 14, 2016 and plaintiff's motion for leave to supplement her *amended* brief filed on November 22, 2016. Defendant argues that plaintiff's brief in opposition to defendant's motion for summary judgment was not timely filed. In its October 5, 2016 order, the court granted plaintiff an extension of time to file her brief in opposition to defendant's motion for summary judgment until November 7, 2016. Plaintiff filed her brief in opposition, without leave of the court, on November 8, 2016 and her amended brief in opposition on the same date. Defendant also argues that if the court chooses to accept plaintiff's brief in opposition, it should strike the following exhibits as they are unauthenticated: 1, 3, 4, 7, 9, 10, as well as exhibits 6 and 8 because they pertain to witnesses not previously revealed in discovery. The court finds defendant's motion to strike well-taken. Even after this court granted leave for extra time to file her brief in opposition, plaintiff still filed late. Upon review of the documents attached to the memorandum, the court agrees with defendant's assertion that the above-mentioned exhibits are unauthenticated, pursuant to Civ.R. 56. Accordingly, defendant's motion to strike is GRANTED and plaintiff's amended brief in opposition to defendant's motion for summary judgment is STRICKEN. Plaintiff's original brief in opposition, which according to plaintiff accidentally contained confidential documents protected by this court's September 29, 2016 protective order, is also hereby STRICKEN.

{¶4} The court considered plaintiff's brief in opposition and the attached exhibits and finds that even if it had allowed the untimely brief and the unauthenticated documents its decision regarding the disposition of this case would not change.

{¶5} On November 22, 2016, plaintiff filed a motion for leave to supplement her brief in opposition. Upon careful consideration, that motion is DENIED. Likewise, on December 16, 2016, defendant filed a motion for leave to file a reply brief which is

hereby DENIED.  Again, the court considered these two documents, and even if they were permitted, they would not affect the disposition of this case.

## Summary Judgment Standard

{¶6} Civ.R. 56(C) states, in part, as follows:

{¶7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

## Statute of Limitations

{¶8} This case has a relatively unique procedural history which results in issues regarding the application of the statute of limitations.  The incident giving rise to plaintiff's negligence claim occurred on October 30, 2011.  The case was originally filed in the Butler County Court of Common Pleas on October 24, 2013.  That filing was timely as it was filed within two years of the incident giving rise to the claim, pursuant to R.C. 2743.16(A).  On February 25, 2014, The Butler County Court of Common Pleas transferred the case to this court.  Then, on March 13, 2014, this court dismissed the case after concluding that it lacked subject matter jurisdiction over the action because a claim had not been properly asserted against the state, pursuant to R.C. 2743.02 and

R.C. 2743.13 or by the filing of a petition for removal pursuant to R.C. 2743.03(E).  The instant case was refiled on March 11, 2015.

{¶9} Defendant argues that exclusive jurisdiction of plaintiff's complaint is vested in this court.  *See Boggs v. State,* 8 Ohio St.3d 15, 455 N.E.2d 1286 (1983) (holding that the Court of Claims has exclusive jurisdiction if a cause of action involves a civil suit for money damages against the state).  It also contends that the court's March 13, 2014 order dismissing the case is void because the Butler County Court of Common Pleas had no power to transfer the case.  *See Hoffman v. Montgomery Cnty. Comm'rs*, 2d Dist. Montgomery No. 7555, 1982 Ohio App. LEXIS 12905 (Apr. 8, 1982) (holding that whenever it appears that a court lacks jurisdiction of the subject matter, the court shall dismiss the action and has no power to issue any order other than dismissal).  *See also Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992 ("If a court acts without jurisdiction, then any proclamation by that court is void.")

{¶10} Plaintiff asserts that whether or not the court's March 13, 2014 entry of dismissal is void is not dispositive because in refiling the present action she relied on Ohio's Savings Statute, R.C. 2305.19(A).

{¶11} R.C. 2305.19(A) states, in pertinent part:

{¶12} "In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶13} Pursuant to Civ.R. 41(A)(2), "unless otherwise specified in the order, a dismissal * * * [by order of court] * * * is without prejudice."  The court's March 13, 2014 entry of dismissal is silent as to the nature of the dismissal and therefore shall be considered without prejudice.

{¶14} Pursuant to Civ.R. 41(B)(4), a dismissal for lack of subject matter jurisdiction shall operate as a failure otherwise than upon the merits.

{¶15} Therefore, plaintiff argues, and the court agrees, that she timely filed the present claim within one year of the original claim's dismissal. Applying the holding of the case cited by the defendant, *Hoffman*, this court had the power to dismiss the case filed on March 10, 2014, even if the manner in which the case was "attempted to be commenced" came as a result of a void entry. Under *Hoffman*, courts without jurisdiction only have the power to dismiss and nothing else. That is exactly what the court did in this case. Even with a lack of controlling authority on point, the court finds that, logically, it must have the inherent power to dismiss claims which are not properly filed, otherwise its docket would be cluttered for years with errant complaints. Even if this court's entry of dismissal is void, there is no argument from either side that the Butler Country Court of Common Pleas March 17, 2014 entry of dismissal is void and plaintiff filed her complaint in this court within one year of that date as well.

{¶16} Accordingly, the court hereby denies defendant's summary judgment as to the applicability of the statute of limitations.

**Duty of Care**

{¶17} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed plaintiff a legal duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." *Chambers v. St. Mary's Sch.*, 82 Ohio St.3d 563, 1998-Ohio-184, 697 N.E.2d 198.

{¶18} Defendant argues that it had no duty to protect plaintiff from a sexual assault that occurred at the private, off-campus residence of her attacker. Defendant cites a number of premises liability cases in support of this position. However, the court finds that the standard of care applicable in those cases is not applicable to the facts. None of the cases involve an injury of a university student-plaintiff caused by a fellow student in an off-campus locale.

{¶19} Plaintiff contends, and the court agrees, that as opposed to premises liability, this case is based on the existence, or lack thereof, of a special relationship that Miami University has with plaintiff and the foreseeability of the harm caused by the University's alleged negligence.

**Special Relationship and Foreseeability of the Harm**

{¶20} "Ordinarily, there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection." *Fed. Steel & Wire Corp. v. Ruhlim Constr. Co.*, 45 Ohio St.3d 171, 543 N.E.2d 769 (1989). "The existence of such a 'special' duty depends on the foreseeability of the injury." *Evans v. Ohio State Univ.*, 112 Ohio App.3d 724, 740 (10th Dist.1996). The scope of the special duty "is limited to cover only those intervening causes which lie within the scope of foreseeable risk, or have at least some reasonable connection with it." *Id.*, at 741. The foreseeability of a criminal act depends on the knowledge of the defendant, which must be determined by the totality of the circumstances. *Id.*, at 743. That said, it is not necessary "that injury to the plaintiff [herself] might be foreseeable. It is enough that the act in question may, in all human probability, produce harm to persons similarly situated. Nor is it necessary that the defendant, [itself], actually anticipate or foresee the probability of injury to anyone. It is enough that the probability of injury to those in plaintiff's general situation should have been perceived by a reasonably prudent and careful person." *Gedeon v. E. Ohio Gas Co.*, 128 Ohio St. 335, 190 N.E. 924 (1934), *See also Cromer v. Children's Hosp. Med. Ctr. Of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, 2015 Ohio LEXIS 76, 29 N.E.3d 921. Ultimately, there is no common-law duty to anticipate or foresee criminal activity. *Fed. Steel & Wire Corp,* 45 Ohio St.3d 171, citing *Prosser & Keeton*, Law of Torts (5 Ed. 1979) 201-203, section 33.

{¶21} Defendant cites two cases involving sexual assault that occurred on a university campus in which this court and the Tenth District Court of Appeals have refused to impose liability on the universities for the criminal conduct of third persons. *See Kleisch v. Cleveland St. Univ.* Ct. of Cl. No. 2003-Ohio-08452, 2005-Ohio-1285; *Shivers v. Univ. of Cincinnati*, 10th Dist. Franklin No. 06AP-209, 2006-Ohio-5518. It argues that plaintiff's negligence claim involving the off-campus assault here is even more tenuous than the situations in those cases. However, those cases are distinguishable. In *Kleisch*, the attacker, who raped a university student in a classroom, was not himself a student of the defendant-university. Additionally, the plaintiff in *Kleisch* alleged that the university was negligent in failing to provide adequate security, specifically in failing to ensure that classroom doors were locked and that the university's police force was not adequate. Likewise, the perpetrator in *Shivers* was most probably not proven to be a student (he was never apprehended but appeared to be substantially older than the general student-body). Again, the plaintiff in *Shivers* based her negligence claim on a failure to provide adequate security of the dorm hall in which the assault occurred.

{¶22} Plaintiff makes no such claim regarding a lack of adequate security measures on the Miami University campus because this assault did not occur on campus. Plaintiff asserts that Miami University was negligent in failing to expel her attacker and/or warn of his dangerous presence even though he posed a known danger to the University population, especially female students based on what she characterizes as a lengthy history of sexual misconduct that was allegedly known to University officials. According to plaintiff, there is a genuine issue of material fact as to what the University knew regarding the conduct of Antonio Charles and whether such knowledge would lead the reasonably prudent university to make a determination that his presence posed a foreseeable risk of harm to those in plaintiff's general situation, i.e. female students attending Miami University at the time of the incident. Plaintiff also

claims that there is a genuine issue of material fact regarding the existence of a special relationship between Miami University and plaintiff.

{¶23} Plaintiff argues that a special relationship exists and Miami University had a special duty to protect her based on the foreseeability of Mr. Charles' conduct and the risk of harm present for female students. However, that is not how a special duty arises under the law. When a court determines whether a special duty exists, it must first decide whether a special relationship exists, under the law, that necessitates the duty. Then, if such a special relationship exists, the defendant will only be liable if the alleged harm was foreseeable. It is not the foreseeability of the harm that creates the special relationship as plaintiff seems to suggest. There are a limited number of special relationships giving rise to a special duty under Ohio law. The following relationships, in certain circumstances, give rise to a special duty: 1) a parent/guardian may have a duty to control the conduct of a child/ward; 2) an employer may have a duty to control the conduct of an employee; 3) a landowner may have a duty to control the conduct of a licensee; 4) one may have a duty to control the conduct of a person with dangerous propensities of whom they are in charge. *See* Restat 2d of Torts, § 314-320 (2nd 1979), *see also Huston v. Konieczny*, 52 Ohio St.3d 214, 556 N.E.2d 505 (1990); *Vance v. Consol. Rail Corp.*, 73 Ohio St.3d 222, 1995-Ohio-134, 652 N.E.2d 776; *Gelbman v. Second Nat'l Bank*, 9 Ohio St.3d 77, 458 N.E.2d 1262 (1984); *Estates of Morgan v. Fairfield Family Counseling Ctr.*, 77 Ohio St.3d 284, 1997-Ohio-194, 673 N.E.2d 1311; *Wallace v. Ohio DOC*, 10th Dist. Franklin No. 99AP-1303, 2003-Ohio-6935; *Hill v. Sonitrol of Sw. Ohio, Inc.,* 36 Ohio St.3d 36, 521 N.E.2d 780 (1988); *Mitchell v. Cleveland Elec. Illuminating Co.*, 30 Ohio St.3d 92, 507 N.E.2d 352 (1987). Plaintiff does not claim that her relationship with Miami University is akin to any of the preceding examples and this court finds, upon careful consideration, that none of these well-established special relationships involve the duty of a university to its students.

{¶24} In addition to the above-mentioned special relationships, the following situations may result in a special duty under Ohio law:

## Business Invitees

{¶25} One type of special relationship that may give rise to a duty to prevent a third person from causing harm to another is that between a business owner and an invitee. *See Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985); *see also Wheatley v. Marietta Coll.*, 2016-Ohio-949, ¶ 56, 48 N.E.3d 587, 607 (4th Dist.). Ohio courts have held that the relationship between a university and its students is that of a business owner and a business invitee. *Baldauf v. Kent State Univ.*, 49 Ohio App.3d 46, 47, 550 N.E.2d 517 (10th Dist. 1988). A business owner has a duty to exercise ordinary care and to protect invitees by maintaining the premises in a safe condition. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120. However, a business owner does not owe a business invitee a duty to protect the business invitee from something that occurs outside of the business owner's premises because once the business leaves the premises she is no longer a business invitee. *Simpson v. Big Bear Stores Co.,* 73 Ohio St.3d 130, 1995-Ohio-203, 652 N.E.2d 702. There is no question that the incident giving rise to this claim occurred outside of the premises of Miami University. Once plaintiff left campus, she was no longer an invitee and therefore the special relationship of business owner to plaintiff as a business invitee ceased.

## *In Loco Parentis*

{¶26} Defendant references the notion of *In loco parentis* as another situation which may give rise to a special relationship. However, plaintiff makes no allegation that Miami University was *in loco parentis* or that Miami University's duty is based on such a concept. Further, the court finds no authority confirming that such a relationship exists between universities and its college-aged students. As cited by defendant there

is persuasive authority that holds that a university do not stand in "loco parentis" to its students.  *See Guest v. Hansen*, 603 F.3d 15 (2d Cir. 2010) ("Under New York Law, colleges have no legal duty to shield students or their guests from the harmful off-campus activity of other students.  They do not act *in loco parentis.*"); *Hegel v. Langsam*, 29 Ohio Misc. 147, 273 N.E.2d 351 (C.P. 1971) ("We know of no requirement of the law and none has been cited to us placing on a university or its employees any duty to regulate the private lives of their students, to control their coming and goings and to supervise their associations.")

**Statutory or Judicial Determination**

{¶27} When a special relationship between the defendant-owner and the plaintiff-third party is specified in a statute or judicial determination, a special duty is imposed. *Gelbman v. Second Nat'l Bank*, 9 Ohio St.3d 77, 458 N.E.2d 1262 (1984).  The burden is on the plaintiff to establish that such a special duty exists.  *Id.*, at ¶ 78.  Plaintiff has not cited any statute or controlling authority as the source of defendant's alleged duty to protect her.

{¶28} However, she does infer that the defendant-university's conduct violates its own Code of Student Conduct and its Title IX responsibilities.  In the event that Plaintiff is also claiming that Miami University's failure to adhere to its own policies or carry out its responsibilities under Title IX results in negligence, the court does not find this argument persuasive.  Acting contrary to an institution's own policies, put in place to prohibit conduct, is insufficient to impose a duty of care.  *Pandey v. Banachowski*, 10th Dist. Franklin No. 11AP-459, 2011-Ohio-6830 (finding that a similar agreement between members of a voluntary organization, the realtor "code of ethics," does not establish duty for negligence claims.)  Plaintiff provides no authority, nor did the court find any authority from which it can infer that a violation of a university's Title IX responsibilities may result in a civil cause of action to an aggrieved student who claims that the violation caused an injury.

{¶29} For the above-mentioned reasons, the court finds that there is no support for a special relationship between university and plaintiff in order to create a duty to protect plaintiff.

{¶30} Even if Miami University did have the type of special relationship with plaintiff necessary to create a duty to protect, since her attacker's criminal acts were not foreseeable the university could not have violated that duty. Upon a thorough review of the evidence, the court finds that officials of Miami University were likely aware of an allegation of sexual assault against Antonio Charles in 2008. This allegation did not result in an investigation at the request of the alleged victim who chose not to make a report or pursue criminal charges against Mr. Charles. University officials were also aware of allegations of voyeurism and the alleged pandering obscenity against Antonio Charles in 2009. However, after an investigation, the Oxford Police Department found insufficient evidence to file a criminal complaint against Mr. Charles. Based on the totality of the circumstances, an unestablished, alleged sexual assault against another student 3 years prior to plaintiff's assault, and an unconfirmed allegation of sexual misconduct (not involving assault), two years prior to plaintiff's assault, is not "enough that the probability of injury to those in plaintiff's general situation should have been perceived by a reasonably prudent and careful person." *Gedeon,* 128 Ohio St. 335, at 339.

{¶31} For the reasons mentioned herein, the court finds that there are no genuine issues of material fact. Consequently, defendant's motion for summary judgment shall be granted.

PATRICK M. MCGRATH
Judge

[Cite as *Mirlisena v. Miami Univ.*, 2017-Ohio-822.]

| AMY MIRLISENA | Case No. 2015-00190 |
|---|---|
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| MIAMI UNIVERSITY | |
| Defendant | |

{¶32} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Jeremy A. Tor
Michael A. Hill
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114

Evan T. Priestle
Rosemary Doreen Canton
Special Counsel to Attorney General
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202

Peter E. DeMarco
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed January 30, 2017**
**Sent to S.C. Reporter 3/7/17**