[Cite as *Heimberger v. Zeal Hotel Group, Ltd.*, 2015-Ohio-3845.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Debra A. Heimberger et al., | : | |
| Plaintiffs-Appellants, | : | No. 15AP-99 |
| v. | : | (C.P.C. No. 13CVH12-13748) |
| Zeal Hotel Group, Ltd., | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 22, 2015

*Debra A. Heimberger*, and *Robert J. Churilla*, pro se.

*The Law Offices of Raymond H. Decker*, and *Molly G. Vance*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiffs-appellants, Debra A. Heimberger and Robert J. Churilla, appeal the January 13, 2015 judgment of the Franklin County Court of Common Pleas dismissing appellants' complaint and granting the motion for summary judgment filed by defendant-appellee, Zeal Hotel Group, Ltd. For the following reasons, we affirm the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This case arises from a stranger's theft of Heimberger's handbag from appellee's hotel lobby. Specifically, throughout the day on April 28, 2012, appellants and a third person conducted business in the lobby of appellee's hotel, in which Churilla alone was a paying guest. After appellants concluded their business, at approximately 9:00

p.m., a stranger entered the hotel through the front door, stole Heimberger's handbag, and exited through the same door.

{¶ 3}  Originally, appellants filed a complaint in the Franklin County Municipal Court on November 19, 2012, alleging negligence on the part of Baymont Inn and Suites. After a discovery dispute arose, the municipal court awarded appellants $250 in sanctions.  Appellants later amended their complaint to substitute appellee as defendant.

{¶ 4}  On December 23, 2013, appellants dismissed their complaint in the municipal court without prejudice and filed the instant action, alleging claims of spoliation of evidence and negligence resulting in damages and emotional distress to Heimberger as well as damages to Churilla.  Appellants amended their complaint on January 27, 2014 to additionally demand payment of the $250 discovery sanction.

{¶ 5}  On July 5, 2014, appellants filed a motion to compel discovery in regard to appellants' first set of interrogatories and request for production of documents "on the grounds that a substantial number of their responses are evasive or incomplete, or raise objections to requests that are reasonably calculated to lead to the disclosure of admissible evidence."  (Appellants' Motion to Compel Discovery, 1.)  The trial court granted the motion on August 21, 2014.  On September 4, 2014, appellee supplemented its responses to appellants' first set of interrogatories.

{¶ 6}  On September 23, 2014, appellants filed a motion for sanctions requesting $2,500 or, in the alternative, a default judgment for appellee's alleged failure to comply with the trial court's order regarding the first set of interrogatories.  At the same time, appellants filed a motion to compel discovery in regard to appellants' second set of interrogatories and request for production of documents "on the grounds that [appellee] has not provided complete responses to Interrogatory No. 3 and are evasive or incomplete [and] also failed to provide the verification provided by Ohio Civil Rule 33."  (Appellants' Second Motion to Compel Discovery, 1.)

{¶ 7}  On September 29, 2014, appellee filed a motion for summary judgment asserting that, as to the negligence claims, appellants could not show appellee owed a duty to protect Heimberger from criminal acts of third parties or that Churilla suffered harm or damages. Appellee also contended that the evidence which appellants' claim was

destroyed would not create an issue of material fact sufficient to overcome summary judgment.

{¶ 8} On October 13, 2014, appellants filed a motion to stay the ruling on the summary judgment motion pending resolution of the discovery motions. The trial court, on November 3, 2014, denied appellants' motion to stay as well as appellants' pending motion for sanctions and motion to compel. Appellants then, on November 22, 2014, filed a memorandum in opposition to appellee's motion for summary judgment, to which appellee filed a reply and a motion to strike portions of appellants' affidavits allegedly based on inadmissible hearsay.

{¶ 9} Ultimately, on January 13, 2015, the trial court issued its decision granting appellee's motion for summary judgment and dismissing appellants' complaint with prejudice.[1] Resolving Heimberger's negligence claim against appellee, the trial court found that, in the totality of the circumstances, theft of her handbag was not foreseeable and, therefore, appellee did not owe a duty to warn or protect her from third-party criminal acts. Further, the court found that, "[s]ince [appellee] did not owe [Heimberger] a duty, it likewise did not owe [Churilla] a duty," and Churilla failed to show that he personally suffered any compensable damages. (Jan. 13, 2015 Decision and Entry, 7.) Lastly, the trial court held that appellants failed to meet the requirements of sustaining a spoliation claim, stating that:

> Outside of stating that [appellee] has not provided the surveillance tape of the night in question as well as the sign, [appellants] have presented nothing to the Court to show that (1) the tape and sign have been actually destroyed; (2) that even if they have been, [appellee] wrongfully destroyed these items; and (3) that the present case has been disrupted due to this destruction. While in certain instances a spoliation claim can stand on its own, in this case [appellee] owed no duty to either [appellant]. Since this is so, even if the surveillance tape and sign were destroyed, said destruction has no bearing on the present case and caused no actual damage to [appellants].

(Jan. 13, 2015 Decision and Entry, 7.)

---

[1] The court also denied appellee's motion to strike, despite finding it had merit, because "even when considering the statements and exhibits presented by [appellants] to be not hearsay, they are still not enough to overcome summary judgment." (Jan. 13, 2015 Decision and Entry, 1, fn. 1.)

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellants assign five assignments of error for our review:

1. The trial court erred in granting Appellee's Motion for Summary Judgment on Appellant Heimberger's claim for negligence when Appellant presented sufficient evidence that a criminal act was foreseeable at the hotel.

2. The trial court erred in granting Appellee's Motion for Summary Judgment on Appellant Churilla's claim for negligence and breach of his hotel contract claim when the hotel breached its duty to provide him and his guest a safe work environment and he suffered damages.

3. The trial court erred in granting Appellee's Motion for Summary Judgment on Appellant's claims for spoliation.

4. The trial court erred in denying Appellants' Motion to Stay Ruling on Summary Judgment Motion Pending Resolution of Discovery Motions.

5. The trial court erred in denying Appellants' Motion for Sanctions.

## III. DISCUSSION

### A. Standard of Review

{¶ 11} We review a summary judgment motion de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 12} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law."  Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 13} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' " *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).  Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. *Dresher* at 293.

{¶ 14} Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*  If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

## B.  First Assignment of Error

{¶ 15} Under the first assignment of error, appellants contend that the criminal act against Heimberger was foreseeable for four reasons: (1) appellee had a "heightened duty" to increase security at the hotel because appellants learned that at least one youth soccer team was staying at the hotel at the same time the incident occurred; (2) "numerous law enforcement incident reports indicate suspicious activity in the area in which the hotel is located"; (3) the hotel security protocols were inadequate; and (4) the video surveillance

tape would show the hotel lobby being "cased" by a suspicious person. (Appellants' Brief, 20; Appellants' Reply Brief, 5, 6.) We disagree.

{¶ 16} " '[T]o recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury.' " *Desir v. Mallett*, 10th Dist. No. 14AP-766, 2015-Ohio-2124, ¶ 19, quoting *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998). "When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, ¶ 10.

{¶ 17} It is undisputed that Heimberger's relationship with appellee was that of a "business invitee." (Appellants' Brief, 20; Appellee's Brief, 13.) Although a hotel owner owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition, a hotel is not an insurer of its business invitees' safety. *Id.* at ¶ 10-11. Thus, in the context of criminal acts, a business owner only "has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 135 (1995). If a third party's criminal act is not foreseeable, then no duty arises, and a business owner cannot be held liable in negligence. *Shivers v. Univ. of Cincinnati*, 10th Dist. No. 06AP-209, 2006-Ohio-5518, ¶ 6.

{¶ 18} "The foreseeability of criminal acts, examined under the test of whether a reasonably prudent person would have anticipated an injury was likely to occur, will depend upon the totality of the circumstances." *Id.* at ¶ 7. "The totality of the circumstances test considers prior similar incidents, the propensity for criminal activity to occur on or near the location of the business, and the character of the business." *Id.* "Three main factors contribute to a court's finding the evidence insufficient to demonstrate the foreseeability of a crime as a matter of law: (1) spatial separation between previous crimes and the crime at issue; (2) difference in degree and form between previous crimes and the crime at issue; and (3) lack of evidence revealing

defendant's actual knowledge of violence." *Id.* at ¶ 9. "Because criminal acts are largely unpredictable, the totality of the circumstances must be 'somewhat overwhelming' in order to create a duty." *Id.* at ¶ 7, quoting *Reitz v. May Co. Dept. Stores*, 66 Ohio App.3d 188, 194 (8th Dist.1990).

{¶ 19} Appellants' first argument contends appellee had a "heightened duty" to increase security because Churilla overheard that at least one youth soccer team was staying at the hotel on the day of the handbag theft. (Appellants' Brief, 20.) To review this argument, appellants do not provide us with any information beyond a conclusory statement and fail to cite any authority for this heightened duty theory. As such, appellants have not established reversible error. *See White v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 12AP-927, 2013-Ohio-4208, ¶ 11; *Cantrell v. Deitz*, 10th Dist. No. 12AP-357, 2013-Ohio-1204, ¶ 33; App.R. 16(A)(7). Our independent review likewise does not support a finding that a youth team staying in the hotel affects the foreseeability of a future handbag theft in a lobby or that a heightened duty appellee hypothetically owed to those children equates to a heightened duty appellee owed to appellants. Therefore, the possibility that a youth soccer team may have been staying at the same hotel is inapposite to this case.

{¶ 20} Appellants' second argument relies on police reports, which document calls the hotel made to police regarding various incidents preceding Heimberger's handbag theft on April 28, 2012, as evidence that the lobby handbag theft was foreseeable. The police reports include:

> 08/21/2011 – Burglary reported in which a hotel guest's room was broken into.
> 08/21/2011 – Disturbance involving the hotel guests who were burglarized.
> 08/22/2011 – Burglary reported in which a hotel guest's room was broken into.
> 08/23/2011 – Report of known drug dealers frequenting a particular room.
> 09/26/2011 – Blood in the bathroom of a hotel guest's room.
> 09/28/2011 – Officer needed to escort out unruly male located inside of lobby.
> 04/01/2012 – Hotel guest using someone else's identity and credit card.

04/06/2012 – "Special duty assignment." No discernable event specifics.
04/10/2012 – Hotel guest claims another hotel guest assaulted him.
04/10/2012 – Dispute with a customer involving an "incident" requiring a medic.
04/13/2012 – "Suspicious person." No further detail of event.
04/18/2012 – Hotel guest failed to check out.
04/26/2012 – Fight between two females. No further detail of event.
04/27/2012 – Person begging for money.
04/28/2012 – "Suspicious vehicle." No further detail of event.

{¶ 21} These reports are problematic as summary judgment evidence. As stated by an appellate court faced with a similar problem in reviewing police reports as evidence of foreseeability of criminal acts, the reports "are not accompanied by the affidavit of anyone qualified to read them, and the court is left to guess how to do so [and] indicate only that police had been called to the premises; they do not indicate whether any of the calls were found to have merit." *Krause v. Spartan Stores, Inc.*, 158 Ohio App.3d 304, 2004-Ohio-4365, ¶ 20 (6th Dist.). For these reasons, the police reports are insufficient summary judgment evidence on the issue of foreseeability.

{¶ 22} Regardless, although the hotel, as the party calling the police, knew about these incidents, significant differences distinguish these previous incidents from the criminal incident at hand. The only incident located in the lobby occurred seven months prior to the handbag theft, and involved escorting an unruly person out of the lobby. The two possible burglary reports occurred eight months prior to the handbag theft and involved someone entering two hotel guest rooms over a two-day period. Lastly, the two "suspicious" events in the reports provide no detail from which to compare to the handbag theft. In summary, these police reports recount prior incidents at the hotel dissimilar in nature from the handbag theft. Therefore, the reports are insufficient to overcome summary judgment on the issue of foreseeability.

{¶ 23} Appellants' third argument focuses on the inadequacy of hotel security protocols. However, potential evidence regarding a lack of security protocols does not tend to show the handbag theft was foreseeable and is therefore irrelevant to the

assignment of error. To the extent that appellants argue this point to show breach, which is outside of the assignment of error as stated, the argument is premature without first establishing a duty, predicated here on foreseeability. *See id.* at ¶ 33 (finding that a "failure to have formal security-related policies or training programs, failure to track crime, and failure to have formal policies on lighting is irrelevant unless the crime in question was foreseeable").

{¶ 24} Appellants' fourth argument suggests that the hotel video surveillance tape, which officers viewed but which was not made available as a copy to appellants, would have shown the hotel lobby being "cased" by a suspicious person on the evening of the handbag theft. Appellants did not advance this argument to the trial court in support of foreseeability of the crime, and we note that "[a] party may not * * * present new arguments for the first time on appeal." *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 13.

{¶ 25} Even so, the argument fails. "To show foreseeability, one must demonstrate that the specific harm at issue was foreseeable." *Maier v. Serv-All Maintenance, Inc.*, 124 Ohio App.3d 215, 224 (8th Dist.1997). Here, appellants indicated that "casing" of the hotel entailed an individual, known to police, was present outside of the hotel observing the area. The facts of this case show the hotel occasionally attracted "suspicious" persons within its vicinity, but these suspicious incidents resulted in no prior lobby thefts. In light of these facts, even if appellee viewed a suspicious person around the lobby, we cannot say that appellee would have reason to know the specific harm here—theft of a personal item from the lobby—was likely to occur. Therefore, even if the hotel surveillance video did show the future thief casing the hotel, the evidence would not have been sufficient to give rise to a duty to protect or warn appellants under the facts of this case.

{¶ 26} Viewing appellants' arguments together and construing the evidence in a light most favorable to appellants, reasonable minds could only conclude that appellants failed to demonstrate a genuine issue of material fact exists that the totality of the circumstances is "somewhat overwhelming" that theft of the handbag was foreseeable.

{¶ 27} Accordingly, appellants' first assignment of error is overruled.

### C. Second Assignment of Error

{¶ 28} Under the second assignment of error, appellants contend that the hotel breached its duty to provide Churilla and his guest a safe work environment, under both negligence and contract principles and, for both claims, Churilla "has proven the element of damages when his contract with the hotel requires a safe and secure environment and a foreseeable criminal act requires the guest to reimburse his associate for theft of project materials." (Appellants' Brief, 23.)

{¶ 29} Regarding appellants' negligence claim, because Churilla was a hotel guest and therefore was a "business invitee" for purposes of premises liability, appellee had a duty to "exercise ordinary care" and to protect Churilla by maintaining the premises in a safe condition. *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986); *Kerr-Morris v. Equitable Real Estate Invest. Mgt., Inc.*, 136 Ohio App.3d 331, 333 (1st Dist.1999); *Brake v. Comfort Inn*, 11th Dist. No. 2002-A-0006, 2002-Ohio-7167, ¶ 2, 15. However, as previously discussed, this duty does not extend to protecting or warning Churilla from the unforeseeable criminal acts of third parties. *Simpson* at 135. *See also World Diamond, Inc. v. Hyatt Corp.*, 121 Ohio App.3d 297, 310 (10th Dist.1997), citing R.C. 4721.01 (finding innkeeper statutes to generally generally "reliev[e] innkeepers' liability based upon a status as an insurer of property [but] not bar recovery under R.C. 4721.02 where losses are occasioned by negligence of an innkeeper or by theft by employees of an innkeeper).

{¶ 30} Here, as discussed in the first assignment of error, theft of the handbag was not foreseeable and, as such, appellee did not owe a duty to warn or protect its business invitees, including Churilla, of such a crime. Therefore, to the extent that appellants based their assignment of error on a duty predicated on a foreseeable criminal act, it likewise fails.

{¶ 31} Regarding appellants' contract claim, to prevail appellants "must demonstrate the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Mills v. Best W. Springdale*, 10th Dist. No. 08AP-1022, 2009-Ohio-2901, ¶ 13, citing *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, ¶ 18 (10th Dist.). No such contract appears in the record, and appellant does not provide an argument or authority to support an implied contract. As such,

appellant cannot establish reversible error on the contract claim. *See White* at ¶ 11; *Cantrell* at ¶ 33; App.R. 16(A)(7).

{¶ 32} Further, under either a breach of contract or negligence theory, appellants "must establish that their injuries or damages proximately resulted from either a breach of contract or a breach of a tort duty" by appellees. *Mills* at ¶ 13. Appellants' contention that Churilla suffered damages because he was "require[d]" to reimburse his associate for theft of project materials or gas is unsupported by record evidence and unsupported by authority in appellants' briefs. (Appellants' Brief, 23.) Our independent review of the issue additionally reveals no authority to support labelling Churilla's actions here, helping his business associate, as an injury caused by the criminal act.

{¶ 33} Although appellant also argues that Heimberger's flash drive, lost in her stolen purse, contained "business property" or "work material essential to both Appellants," he does so, improperly, for the first time on appeal. (Appellants' Reply Brief, 6-7; Appellants' Brief, 25.) *Clifton Care Ctr.* at ¶ 13; *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). Moreover, the record reflects that appellants conducted business on April 28, 2012, concluded their business, and Heimberger's stolen purse included flash drives. However, no record evidence establishes work interruption on the part of Churilla. Therefore, construing the evidence in a light most favorable to appellants, reasonable minds could only conclude that appellants failed to demonstrate a genuine issue of material fact exists that Churilla suffered damages proximately caused by appellee.

{¶ 34} Accordingly, for all the above reasons, appellants' second assignment of error is overruled.

### D. Third Assignment of Error

{¶ 35} Under the third assignment of error, appellants contend that the trial court erred in granting appellee summary judgment on appellants' spoliation claim. We disagree.

{¶ 36} "In Ohio, spoliation is recognized as an independent cause of action." *Baxter v. Sandusky Newspapers, Inc.*, 6th Dist. No. E-11-006, 2012-Ohio-1233, ¶ 42. To

recover on a claim for spoliation of evidence, a plaintiff must prove all of the following elements: (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of the defendant that litigation exists or is probable, (3) willful destruction of evidence by the defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts. *White v. Equity, Inc.*, 191 Ohio App.3d 141, 2010-Ohio-4743, ¶ 29 (10th Dist.), citing *Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993).

{¶ 37} Regarding the willful destruction requirement, "a plaintiff is required to show that a defendant 'willfully destroyed, altered or concealed evidence.' " *Marok v. Ohio State Univ.*, 10th Dist No. 13AP-12, 2014-Ohio-1184, ¶ 36, quoting *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 567 (11th Dist.1997). " '[W]illful' reflects an intentional and wrongful commission of the act." *White v. Ford Motor Co.*, 142 Ohio App.3d 384, 387 (10th Dist.2001). "Ohio does not recognize a cause of action for negligent spoliation of evidence." *Marok* at ¶ 36.

{¶ 38} Regarding the damages requirement, summary judgment against a spoliation claimant is appropriate where the evidence alleged to be willfully destroyed, altered, or concealed would not have changed the result of an unsuccessful underlying case, and no other damages are alleged. *Baxter* at ¶ 44. *See also Bae v. Dragoo & Assoc., Inc.*, 156 Ohio App.3d 103, 2004-Ohio-544, ¶ 27 (10th Dist.) (finding that because the appellee satisfied its duty of care owed in the underlying negligence claim, appellants could not establish any damages resulting from any *alleged willful* destruction of records in a spoliation claim).

{¶ 39} Here, appellants contend that "[a] prima facie case of spoliation has been presented when evidence is presented that a party has either destroyed and/or made unavailable a video surveillance tape and hotel reservation database; and has altered the sign on its door indicating when its doors are closed." (Appellants' Brief, 26.) As a preliminary issue, this "Proposition of Law" is simply an incomplete statement of the *Smith* requirements stated above.

{¶ 40} Further, the determinative issue in the negligence actions concerned the foreseeability of a criminal's theft of personal property out of appellee's lobby. Here, the evidence at issue includes the hotel surveillance video, the guest registration database,

and a sign on the lobby door.  Appellants argue that the hotel surveillance video would have been conclusive on the issue of foreseeability because it would have shown the intruder casing the hotel lobby and the front desk clerk taking no action.  As stated in the first assignment of error, appellants failed to argue their "casing" theory to the trial court and, regardless, even if the hotel surveillance video did show the future thief casing the hotel, the evidence of suspicious behavior would not have been sufficient to give rise to a duty to protect or warn appellants.

{¶ 41} Regarding the sign on the lobby door, appellants do not contend the sign is relevant to the issue of foreseeability[2] or brief an argument regarding the door sign and spoliation generally.  (*See* Appellants' Brief, 20-23, 26-29; Appellants' Reply Brief, 5-6, 8-9.)  Neither do appellants contend on appeal that the reservation database is relevant to the issue of foreseeability or brief an argument regarding the reservation database and spoliation generally.  Therefore, even if the evidence cited by appellants as allegedly destroyed, altered, or concealed had been produced by appellee, appellants have not shown that the evidence would have altered the outcome of this case.  *See White* at ¶ 11; *Cantrell* at ¶ 33; App.R. 16(A)(7).

{¶ 42} Appellants alternatively argue that they have been damaged because "[appellee] has taken it upon itself to tamper with the justice system which affects [appellants'] civil claim as well as Ms. Heimberger being able to prosecute the intruder that stole her purse."  (Appellants' Brief, 28.)  Regarding the first part of this argument, as stated above, the evidence at issue in the spoliation claim would not affect the outcome of the case.  Regarding the second part of this argument, appellants point to and we find no support either in the record or in the law which shows appellants were damaged by being allegedly unable to criminally prosecute the intruder.

{¶ 43} Therefore, construing the evidence in a light most favorable to appellants, reasonable minds could only conclude that appellants failed to demonstrate a genuine issue of material fact exists that appellee's alleged acts proximately caused damages to

---

[2] Appellants state later in the brief that "[t]his evidence relates directly to whether Appellee violated its own policy and standard of care," which describes breach, an element that first depends on establishing a duty.  (Appellants' Brief, 33.)

appellants.  As such, summary judgment in favor of appellee on the spoliation claim was appropriate.

{¶ 44} Accordingly, appellants' third assignment of error is overruled.

### E.  Fourth Assignment of Error

{¶ 45} Under the fourth assignment of error, appellants contend that the trial court erred in denying its motion to stay ruling on summary judgment.  Specifically, appellants argue that they were unable to engage in "complete" discovery in order to produce the necessary affidavits to oppose appellee's motion for summary judgment pursuant to Civ.R. 56(F). (Appellants' Brief, 29.)  For the following reasons, we disagree.

{¶ 46} Civ.R. 56(F) provides:

> When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 47} " '[C]ourts have broad discretion over discovery matters.' "  *P.N. Gilcrest Ltd. Partnership v. Doylestown Family Practice, Inc.*, 9th Dist. No. 10CA0035, 2011-Ohio-2990, ¶ 16, quoting *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 18.   Thus, the trial court's determination of discovery issues, and specifically motions under Civ.R. 56(F), will not be reversed absent an abuse of that discretion.  *Pohmer v. JPMorgan Chase Bank, N.A.*, 10th Dist. No. 14AP-429, 2015-Ohio-1229, ¶ 46; *Gregory v. Towne Properties, Inc.*, 2d Dist. No. 26410, 2015-Ohio-443, ¶ 14.  An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 48} Civ.R. 56(F) is clear that the facts at issue must be "essential to justify the party's opposition."  Appellants again point to the hotel surveillance video, the hotel lobby sign, and the guest registration databases as evidence essential to their case.  As previously discussed in the first three assignments of error, appellants failed to

demonstrate that this evidence raises a genuine issue of material fact on appellee's alleged duty and appellants' alleged damages.

{¶ 49} Appellants also contend that they generally needed more time to learn what other evidence appellee destroyed. In *Doriott v. MVHE, Inc.*, 2d Dist. No. 20040, 2004-Ohio-867, the court stated that:

> Pursuant to Civ.R. 7(A), the grounds for a Civ.R. 56(F) motion for a continuance must be stated with particularity. In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing "sufficient reasons why (the nonmoving party) cannot present by affidavit facts sufficient to justify its opposition" to the summary judgment motion. *Id.* "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." *Gates Mills Inv. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 169, 392 N.E.2d 1316. "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion." Baldwin's Ohio Practice, Klein/Darling, Civil Practice, Vol. 2, Section At 56-14, at p. 564.
>
> A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. *See, e.g. Booth v. Security Mutual Life Insurance Co.* (1957), 155 F.Supp. 755. However, the court must be convinced that there is a likelihood of discovering some such facts.

*Doriott* at ¶ 40-41.

{¶ 50} Here, even though appellants' affidavits attached to their motion to stay state they do not know what other evidence appellee may have destroyed, the court was clearly not convinced that additional time would lead to the discovery of facts on material issues. (*See* Nov. 3, 2014 Decision and Entry Denying Plaintiff's Motion to Stay, 5.) The court also denied appellants' motions to compel discovery and sanctions, noting that appellee complied with a court order to provide supplementary responses. Based on this record and the "somewhat overwhelming" standard of evidence required to impose liability on a business owner for the criminal acts of third parties, we cannot say the trial

court's decision to deny appellants more time to engage in discovery was unreasonable, arbitrary, or unconscionable.  *Reitz* at 193-94.  Therefore, the trial court did not abuse its discretion in denying appellants' motion to stay.

{¶ 51} Accordingly, appellants' fourth assignment of error is overruled.

### F.  Fifth Assignment of Error

{¶ 52} Under the fifth assignment of error, appellants contend that the trial court erred in denying appellants' motion for sanctions.  We disagree.

{¶ 53} "Civ.R. 37(A) and (B) provide broad discretion to the trial court to impose sanctions for failure to comply with the trial court's discovery orders."  *Toney v. Berkemer*, 6 Ohio St.3d 455, 458 (1983).  Thus, an appellate court reviews a trial court's resolution of motions for sanctions under an abuse of discretion standard.  *Pohmer* at ¶ 46; *P.N. Gilcrest Ltd. Partnership* at ¶ 29.  An abuse of discretion implies the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore* at 219.

{¶ 54} Appellants based their motion for sanctions on appellee's conduct and resulting monetary sanctions during the previously dismissed case filed in municipal court, appellee's first response to interrogatories that led to the trial court's order to compel responses, and appellee's "evasive" second answers to the interrogatories and failure to produce requested documents.  (Sept. 23, 2014 Motion for Sanctions, 3.)  As a result of this alleged conduct, appellants requested a default judgment against appellee or $2,500 in sanctions along with the condition that appellee not request any additional discovery until appellee complied with the previous discovery court order.

{¶ 55} In denying appellants' motion for sanctions, the trial court determined that appellee provided responses in compliance with the court's previous order.  The court elaborated that "[w]hile [appellants] may not like [appellee's] answers, the Court will not sanction [appellee] for them."  (Nov. 3, 2014 Decision and Entry, 2.)  Specifically, the court found the bulk of appellants' issues, concerning the business's structure and leadership, irrelevant. Regarding appellants' requests for photos of the front door and contact information for the desk clerk, the trial court found appellee reasonable and responsive in stating its intent to supplement the response with that information.

{¶ 56} On appeal, appellants first reiterate their argument that appellee did not answer or did not adequately answer certain discovery requests.  Generally, "[p]arties may

obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Civ.R. 26(B)(1).  Additionally, supplementing information in a response is not barred, but is actually required in certain circumstances where such a duty is imposed, including "with respect to any question directly addressed to * * * the identity and location of persons having knowledge of discoverable matters."  Civ.R. 26(E)(1).  Thus, a trial court does not abuse its discretion by denying sanctions on a party that does not provide material irrelevant to the case or that states they will supplement an answer under the civil rules.  *See* Civ.R. 26(E)(1).  Considering the above, and after review of appellee's answers, we find the trial court's decision to not impose sanctions based on appellee's answers to not be unreasonable, arbitrary, or unconscionable.

{¶ 57}  Second, appellant cites to *Jones v. Hartranft*, 78 Ohio St.3d 368 (1997), and *Toney* for the proposition that a failure to respond to interrogatories combined with a history of a party acting in a dilatory fashion "argues for the imposition of a default judgment."  (Appellants' Brief, 37.)

{¶ 58}  In *Jones*, the court held that "[a] trial court does not abuse its discretion in dismissing a claim with prejudice under Civ.R. 41(B)(1) when a plaintiff, who has had an objectively reasonable amount of time for discovery, fails to proceed upon a scheduled trial date for want of evidence of defendant's liability."  *Id.* at syllabus.  The facts of *Jones* show that Jones, the plaintiff bringing a medical malpractice suit, voluntarily dismissed his complaint and then, after refiling the complaint, failed to answer interrogatories until five months after the trial court granted the defendants' motion to compel and otherwise failed to retain an expert witness within a reasonable time.  The court found that because Jones, after two and one-half years since originally filing his complaint, still had no legal support that a doctor breached a standard of care, the trial court did not abuse its discretion in dismissing the case with prejudice for failure to prosecute under Civ.R. 41(B)(1).

{¶ 59}  In *Toney*, the court held that it was an abuse of discretion for a trial court to grant a default judgment in favor of the defendant for the plaintiff's failure to respond to discovery requests when the record did not show "willfulness or bad faith" on the part of the plaintiff.  *Id.* at syllabus.  In so ruling, the court noted that the plaintiff had, as to

"essential information" for the case, "complied with the trial court's discovery order to the extent necessary so as not to prejudice appellees' case for trial," while "the information sought by the other interrogatories and document request, although relevant for the purpose of satisfying the discovery rules, is not so sufficiently relevant to the conduct of the instant case that the appellant must respond or face the drastic sanction of default judgment." *Id.* at 458.

{¶ 60} Aside from not being a failure to prosecute case, the facts here are distinguishable from *Toney* and *Jones*. Here, appellee responded within a few weeks of the court's order to comply with discovery and provided answers which the trial court found to be acceptable. This conduct and our review of the record does not reveal willfulness or bad faith on the part of appellee to a degree which renders the trial court's decision to not enter a default judgment unreasonable, arbitrary, or unconscionable. *See Huntington Natl. Bank v. Zeune*, 10th Dist. No. 08AP-1020, 2009-Ohio-3482, ¶ 18, 21. Further, considering appellee's response, which indicates a willingness to comply with discovery, and the nature of the information sought by appellants, we find the trial court was within its discretion in denying appellants' motion for sanctions in its entirety.

{¶ 61} Third, appellants contend that the trial court erred in ruling on the motion for sanctions even though appellee waived objections by responding late and out of rule and failed to verify their interrogatories under Civ.R. 33(A)(3).

{¶ 62} Under Civ.R. 33(A)(3):

> Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. * * * The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers and objections within a period designated by the party submitting the interrogatories, not less than twenty-eight days after the service of the interrogatories or within such shorter or longer time as the court may allow.

{¶ 63} Civ.R. 6(A) further instructs that "[i]n computing any period of time prescribed or allowed by [the civil] rules * * * by order of court, or by any applicable

statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."

{¶ 64} Appellants did not raise the timeliness argument in their motion for sanctions.[3] As stated in *Clifton Care Ctr.* at ¶ 13, a party may not present new arguments on appeal. Even so, considering the record shows that appellee filed its supplemental response 14 days after the date of the court order, as counted under Civ.R. 6, we cannot say that timeliness requirements or objections are waived, as appellants suggest.

{¶ 65} Additionally, regarding appellee's failure to verify the interrogatories, although an interrogatory which is not signed by a party is inadmissible as evidence, appellants submit no authority supporting a finding that a trial court abuses its discretion in not awarding sanctions due to a lack of verification of interrogatories during discovery. *Inzano v. Johnston*, 33 Ohio App.3d 62 (11th Dist.1986), paragraph two of the syllabus. As such, appellants have not met their burden of "affirmatively demonstrating error on appeal." *Miller v. Johnson & Angelo,* 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2; *see also* App.R. 16(A)(7).

{¶ 66} Therefore, for all the above reasons, the trial court did not abuse its discretion in denying appellants' motion for sanctions. Accordingly, appellants' fifth assignment of error is overruled.

## IV. CONCLUSION

{¶ 67} Having overruled appellants' five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and LUPER SCHUSTER, JJ., concur.

_____

---

[3] In a letter dated September 13, 2014, appellants also provided that appellants would accept appellee's responses to the discovery request through September 22, 2014.