[Cite as *McLaughlin v. Speedway, L.L.C.*, 2016-Ohio-3280.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TRACI MCLAUGHLIN, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2015CA00184 |
| | : | |
| SPEEDWAY, LLC, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2014CV02678

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      May 31, 2016

APPEARANCES:

For Plaintiffs-Appellants:

BRIAN L. ZIMMERMAN
229 Third Street NW
Suite 200
Canton, OH 44702

For Defendants-Appellees:

BRADLEY A. WRIGHT
TIFFANY M. SOVIK
CHRISTOPHER E. COTTER
222 South Main Street
Akron, OH 44308

*Delaney, J.*

{¶1}　Plaintiffs-Appellants Traci and Randall McLaughlin appeal the September 14, 2015 judgment entry of the Stark County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Speedway, LLC.

### FACTS AND PROCEDURAL HISTORY

{¶2}　On November 20, 2014, Plaintiffs-Appellants Traci and Randall McLaughlin filed a complaint against Defendant-Appellee Speedway, LLC asserting claims for premises liability, negligence, and loss of consortium. The McLaughlins based their claims on an incident that occurred to Mrs. McLaughlin on July 21, 2013, while she was at a Speedway.

{¶3}　Since 2011, Mrs. McLaughlin was a regular customer at the Speedway located at 522 Erie Street North in Massillon, Ohio. The Speedway is across the street from the Massillon Recreational Center. There are residences near the Speedway, two churches, and a Catholic elementary school. The Speedway is located approximately five minutes from Mrs. McLaughlin's home.  Mrs. McLaughlin stopped at the Speedway every morning before she went to work so she could get coffee. Mrs. McLaughlin felt safe in the area.

{¶4}　On July 21, 2013, at approximately 6:00 a.m., Mrs. McLaughlin went to the Speedway to get her coffee. She greeted Jessica, the only Speedway employee on staff that morning, as she came into the convenience store. She asked Jessica if she could have a sandwich and Jessica went to look for the sandwich in the cooler at the back of the store. As Mrs. McLaughlin walked around the corner to get her coffee cup, Mrs. McLaughlin noticed a man by the candy aisle. She was starting to pour her coffee when

the man, later identified as William Teague, hit her in the head with his fist. Teague continued to hit her, grabbed Mrs. McLaughlin by the uniform, and dragged her to the front counter. Jessica was back at the counter and Teague demanded money from her and a carton of cigarettes. He demanded that Mrs. McLaughlin give him her car keys. Mrs. McLaughlin refused to give him the keys and Teague hit her. Mrs. McLaughlin got herself away from Teague, but Teague dropkicked her and hit her in the chest. Mrs. McLaughlin fell to the floor. She got her keys and tried to hit Teague with her keys. Teague took her keys and left the Speedway, stealing her vehicle.

{¶5} Jessica called 911 and the police responded to the Speedway. Mrs. McLaughlin suffered injuries from the assault. She also developed anxiety that she treated with medication.

{¶6} The McLaughlins claimed in their complaint that Speedway was negligent because it failed to protect Mrs. McLaughlin from Teague's criminal conduct. Speedway filed a motion for summary judgment on July 20, 2015. The McLaughlins responded and Speedway replied. As Civ.R. 56 evidence, the parties supplied the depositions of Mrs. McLaughlin and Heather Zirhut, the manager of the Speedway at the time of the incident.

{¶7} On September 14, 2015, the trial court granted Speedway's motion for summary judgment. It is from this judgment the McLaughlins now appeal.

**ASSIGNMENT OF ERROR**

{¶8}   The McLaughlins raise one Assignment of Error:

{¶9}   "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER THE DEFENDANT-APPELLEE SHOULD HAVE FORESEEN THAT CRIMINAL ACTIVITY WITHIN ITS CONVENIENCE STORE WAS SUBSTANTIALLY LIKELY TO OCCUR."

**ANALYSIS**

***Standard of Review***

{¶10} The McLaughlins argue in their sole Assignment of Error that the trial court erred when it granted summary judgment in favor of Speedway. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶11} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶12} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### *Negligence*

{¶13} In their appeal, the McLaughlins argue the trial court erred when it found that as a matter of law, Speedway was not liable for Mrs. McLaughlin's injuries caused by Teague's criminal conduct. Mr. McLaughlin's loss of consortium claim is dependent on a finding of negligence. In a negligence action, it is fundamental that the plaintiff in such a case must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom. *McPherson v. Total Car Express, Inc.*, 5th Dist. Stark No. 2015CA00081, 2015-Ohio-5251, ¶ 18 citing *Scharver v. Am. Plastics Products, LLC,* 5th Dist. Stark No. 2009 CA 00087, 2010–Ohio–230, ¶ 12 citing *Menifee v. Ohio Welding Prod., Inc.,* 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

{¶14} The issue in this case is whether Speedway possessed a duty to protect Mrs. McLaughlin from Teague's criminal act.

### *Duty*

{¶15} The existence of a duty in a negligence case is a question of law for a court to determine and there is no formula for ascertaining whether such a duty arises. *Simpkins v. Grace Brethren Church of Delaware*, 2014-Ohio-3465, 16 N.E.3d 687, 699, ¶ 34 (5th Dist.) *appeal allowed in part,* 142 Ohio St.3d 1464, 2015-Ohio-1896, 30 N.E.3d 973 citing *Mussivand v. David,* 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). "When the alleged negligence occurs in a premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff." *Heimberger v. Zeal Hotel Group, Ltd.*, 2015-Ohio-3845, 42 N.E.3d 323, ¶ 16 (10th Dist.) quoting *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.

### *Duty to Protect Against Criminal Acts*

{¶16} In tort law, "there is no duty to control the conduct of a third person by preventing him or her from causing harm to another, except in cases where there exists a special relationship between the actor and the third party, which gives rise to a duty to control, or between the actor and another which gives the other the right to protection." *Wheatley v. Marietta College*, 2016-Ohio-949, -- N.E.3d --, ¶ 56 (4th Dist.) quoting *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 173-174, 543 N.E.2d 769; *March v. Steed Ents., Inc.*, 5th Dist. Muskingum No. CT2012-0058, 2013-Ohio-4448, ¶ 27. One type of special relationship that may give rise to a duty to prevent a third person from causing harm to another is that between a business owner and invitee. *Wheatley,*

*supra* citing *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 134, 652 N.E.2d 702 (1995).

{¶17} The parties in this case do not dispute that Mrs. McLaughlin was a business invitee on the day of the incident. A business premises owner generally owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a reasonably safe condition. *Wheatley, supra* at ¶ 57 citing *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120. A premises owner, however, is not an insurer of an invitee's safety. *Id.* at ¶ 58. The duty of the business owner to warn or protect its business invitees from the criminal acts of third parties extends only to those cases where "the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." *March, supra* at ¶ 28 quoting *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d at syllabus. "Thus, where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor." *March, supra* at ¶ 28 quoting *Howard v. Rogers*, 19 Ohio St.2d 42, 47, 249 N.E.2d 804 (1969).

{¶18} A duty exists if the injury is foreseeable. *March, supra* at ¶ 29 citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707, 710 (1984). "If a third party's criminal act is not foreseeable, then no duty arises and a business owner cannot be held liable in negligence." *Heimberger*, 2015-Ohio-3845, ¶ 17 citing *Shivers v. Univ. of Cincinnati,* 10th Dist. Franklin No. 06AP-209, 2006-Ohio-5518, ¶ 6.

{¶19} This Court has adopted the "totality of the circumstances" test to determine whether a criminal act by a third party is foreseeable. *March, supra* at ¶ 30. The totality

of the circumstances test considers evidence of other criminal activity at or near the location of the business. *Id.* The test includes reviewing the occurrence of previous similar crimes and the specifics of the incident itself, to determine whether the criminal act was foreseeable. *Id.* The Tenth District Court of Appeals in *Heimberger v. Zeal Hotel Group, Ltd.* further explained: "Three main factors contribute to a court's finding the evidence insufficient to demonstrate the foreseeability of a crime as a matter of law: (1) spatial separation between previous crimes and the crime at issue; (2) difference in degree and form between previous crimes and the crime at issue; and (3) lack of evidence revealing the defendant's actual knowledge of violence." *Heimberger*, 2015-Ohio-3845 at ¶ 18 quoting *Shivers*, 2006-Ohio-5518 at ¶ 9. Because crime is so unpredictable, the totality of the circumstances must be "somewhat overwhelming" before a court will impose a duty to warn or protect upon a business owner. *Id.*

{¶20} The McLaughlins argue that upon examining the totality of the circumstances in this case, the Civ.R. 56 evidence demonstrates that the criminal act was foreseeable to Speedway. In support of their argument, the McLaughlins submitted the deposition testimony of Heather Zirhut, the store manager of the Speedway at the time of the incident. Zirhut testified she would describe the Speedway as being located in a low crime area. (Zirhut Depo., 19). Zirhut testified she was shocked there was a robbery at the Speedway. (Zirhut Depo., 46). During the deposition, Zirhut was shown Plaintiff's Exhibit 3, which was a copy of a log of police calls made to the Speedway in 2013. (Zirhut Depo., 48). The police log before the July 21, 2013 incident includes:

01/27/2013 – Suspicious Person

01/29/2013 – Accident

01/30/2013 -- Fraud

02/07/2013 – Theft

02/14/2013 – Intoxicated Person

02/18/2013 – Solicitors

03/16/2013 – Domestic Issue

03/20/2013 – Disabled Vehicle

03/24/2013 – Unwanted Subject

04/10/2013 – Traffic Stop

04/18/2013 – Assist Other Agency

05/03/2013 – Accident

05/09/2013 – Traffic Stop

06/08/2013 – Disturbance

06/23/2013 – Robbery

07/21/2013 – Robbery, Theft

{¶21} Counsel questioned Zirhut as to the police call log:

Q. Okay. Do you see here at the top of the page – this is just for 2013, starting in February. Do you see there was a theft at the store?

A. Theft could mean anything.

Q. Well, I'm just asking. There was a theft, right?

A. Yeah. It could be any kind of theft though.

Q. Okay. But that's a crime; right?

A. I would imagine shoplifting or something of that nature is.

Q. Okay. Apparently seven days later the police are called out there again for an intoxicated person; correct?

A. Yes.

Q. Also that could be potentially criminal, right?

A. Not necessarily.

Q. Well, why would the police be called?

A. An intoxicated person was on the lot.

(Zirhut Depo., 46-47).

{¶22} In *Heimberger*, the Tenth District Court of Appeals addressed the use of police reports to establish the foreseeability of a criminal act:

These reports are problematic as summary judgment evidence. As stated by an appellate court faced with a similar problem in reviewing police reports as evidence of foreseeability of criminal acts, the reports "are not accompanied by the affidavit of anyone qualified to read them, and the court is left to guess how to do so [and] indicate only that police had been called to the premises; they do not indicate whether any of the calls were found to have merit." *Krause v. Spartan Stores, Inc.*, 158 Ohio App.3d 304, 2004-Ohio-4365, 815 N.E.2d 696, ¶ 20 (6th Dist.). For these reasons, the police reports are insufficient summary judgment evidence on the issue of foreseeability.

*Heimberger v. Zeal Hotel Group, Ltd.*, 2015-Ohio-3845, 42 N.E.3d 323, 331, ¶ 21 (10th Dist.).

{¶23} Zirhut's testimony as to the police call log demonstrates the problem with reviewing a police report as evidence of foreseeability of criminal acts as stated in *Heimberger*. The police call log in Plaintiff's Exhibit 3 states the police were called for "theft", but the Court is left to guess what "theft" means and if the call to the police had merit.

{¶24} The Civ.R. 56 evidence does show that an armed robbery occurred at the Speedway on June 23, 2013, approximately one month before the incident in the present case. The offender used a gun during the robbery and money was taken from the cash register. (Zirhut Depo., 51-51). There was no testimony whether a customer was present during the robbery. There was no testimony that a customer or employee was assaulted during the commission of the robbery.

{¶25} The Fourth District Court of Appeals in *Wheatley v. Marietta College*, analyzed whether the totality of the circumstances showed that the defendant college should have known that criminal conduct presented a substantial risk of harm to the plaintiff student. The court analyzed whether multiples crimes occurring on a given set of premises was enough to establish foreseeability of a violent criminal act. It stated:

> * * * [E]ven if multiple crimes occurred on a given set of premises, courts have been unwilling to find foreseeability when those offenses were non-violent and differed in nature from the criminal conduct at issue. *Walters, supra; accord Maier,* 124 Ohio App.3d at 224, 705 N.E.2d 1268; *Boyd v. Lourexis, Inc.,* 8th Dist. Cuyahoga No. 98028, 2012-Ohio-4595, 2012 WL 4755379, ¶¶ 20–21 (evidence did not show that premises owner knew or should have known that person would be "brutally killed" on its premises

when no prior similar incident had occurred, even though premises located in "high crime area" and prior theft crimes had occurred on premises); *Sullivan v. Heritage Lounge,* 10th Dist. Franklin No. 04AP–1261, 2005-Ohio-4675, 2005 WL 2160059, ¶ 32 (concluding that evidence of prior, minor criminal activity did not sufficiently foreshadow violent, unprovoked assault); *Cole ex rel. Estate of Kopaitich v. Pine Ridge Apts. Co. II,* 11th Dist. Lake No. 2000–L–020, 2001-Ohio-8788, 2001 WL 1647126 (various incidents of minor property crimes and some domestic violence incidents insufficient to show that defendant knew or should have known that plaintiff would be murdered); *Barnes v. N. Shore Car Wash,* 8th Dist. Cuyahoga No. 73142, 1998 WL 842075 (Dec. 3, 1998) (murder at car wash not foreseeable even though the car wash was in a high-crime area where previous crimes on and around the premises included vandalism, robberies, and thefts); *Stone v. Shell Oil Co.,* 8th Dist. Cuyahoga No. 68807, 1996 WL 239864 (May 9, 1996) (murder at gas station not foreseeable, even though gas station might have been in a high-crime area, where previous criminal acts involved thefts but not violent assaults of a similar nature); *Hickman v. Warehouse Beer Systems,* 86 Ohio App.3d 271, 620 N.E.2d 949 (2nd Dist.1993) (concluding that shooting was not foreseeable when past crimes involved burglaries and vandalism and not armed robbery or other violent crimes). Additionally, courts have been reluctant to find foreseeability if the past violent crimes are different in form, *i.e.,* dissimilar to the violent crime that caused the plaintiff's injury. *Adkins v. RLJ Management,* 5th Dist.

Muskingum No. CT2011–0012, 2011-Ohio-6609, 2011 WL 6740706 (finding tenant's rape unforeseeable when past crimes involved a shooting and a stabbing "by acquaintances and/or spouses" and domestic violence) *Mack v. Ravenna Men's Civic Club,* 11th Dist. Portage No. 2006–P–0044, 2007-Ohio-2431, 2007 WL 1461791, ¶ 22 (occasional incidents of fighting did not demonstrate that shooting was foreseeable when no evidence that a gun had been involved in prior incidents); *Duncan v. B & B, Inc.,* 6th Dist. Lucas No. L–02–1131, 2002-Ohio-7302, 2002 WL 31888169 (stabbing at bar not foreseeable where, although there were approximately 12 fist fights at the bar in the previous four years, a knife had not been involved in an altercation for at least ten years); *Townsley,* 39 Ohio App.2d at 8–9, 314 N.E.2d 409 ("evidence of a few instances where patrons had been assaulted by other patrons" did not show foreseeability of "assaults in washrooms during which boys may have been seeking money, and upon being refused had beaten up the ones approached").

*Wheatley v. Marietta College*, 2016-Ohio-949, 48 N.E.3d 587, 611-12, ¶ 67 (4th Dist.).

{¶26} Under the foreseeability analysis, the totality of the circumstances of the criminal conduct must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others. *Wheatley, supra* at ¶ 66 citing *Reitz v. May Co. Dept. Stores*, 66 Ohio App.3d 188, 193-194, 583 N.E.2d 1071 (8th Dist.1990). This is due to the unpredictable nature of criminal behavior. *Id.* Looking at the evidence most favorably to the non-moving party in the present case, we find the totality of the circumstances does not reveal any genuine issues

of material fact that Speedway knew, or should have known, that Teague would assault Mrs. McLaughlin and steal her vehicle.

{¶27} The police call log does not provide sufficient Civ.R. 56 evidence to demonstrate foreseeability. Mrs. McLaughlin testified she felt the area was safe and Zirhut testified she would describe the location as a low crime area. Even if we consider the police call log as evidence to show the Speedway was in a "high crime area", the alleged crimes listed in the police call log were non-violent and differed in nature from the criminal conduct at issue in the present case.

{¶28} We consider the evidence of the June 23, 2013 armed robbery but find it does not provide "somewhat overwhelming" evidence to show a genuine issue of material fact that it was foreseeable a violent criminal act would occur in the future. There was no evidence in the record that the June 23, 2013 armed robbery involved a customer or an assault of a customer or employee. The assault that occurred on July 21, 2013 was violent in nature but did not involve a weapon.

{¶29} We agree with the trial court when it states that while the events that occurred on July 21, 2013 were unfortunate, reasonable minds could only conclude the totality of the circumstances does not show Speedway should have foreseen that Teague would assault Mrs. McLaughlin and steal her vehicle. Accordingly, the trial court properly determined Speedway did not have a duty to protect Mrs. McLaughlin from Teague's criminal act.

{¶30} The McLaughlins' sole Assignment of Error is overruled.

## CONCLUSION

{¶31} The judgment of the Stark County Court of Common Pleas is affirmed.

{¶32}

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.